**BLACKMAN–UHLER CHEMICAL DIVISION, SYNALLOY CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 76–1530.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1977.

Decided Sept. 12, 1977.

Arthur McM. Erwin, Spartenburg, S. C. (Erwin, Bradley & Edwards, Spartenburg, S. C., on brief), for petitioner.

David A. Fleischer, Atty., N. L. R. B., Washington, D. C. (John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Michael S. Winer, Atty., N. L. R. B., Washington, D. C., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and WINTER, BUTZNER, RUSSELL, WIDENER and HALL, Circuit Judges, sitting in banc.

PER CURIAM:

A split panel of the court granted enforcement of the Board's order in *Blackman-Uhler Chemical Division v. NLRB,* 558 F.2d 705 (4 Cir. 1977), and we granted rehearing in banc.

If the in banc court were to decide this case in accordance with the law in effect at the time the case was decided by the Board and the panel decision, the in banc court, by a split vote, would deny enforcement of the Board's order for the reasons set forth in Judge Winter's dissenting panel opinion. We were advised, however, during oral argument before the in banc court and in supplemental memoranda submitted after argument was heard, that the Board has made a major shift in its approach to the effect of misleading election campaign rhetoric on the validity of an election. The shift, if applicable to the instant case, may well have an impact on the obligation of the employer to engage in collective bargaining negotiations with the representative certified by the Board.

At the time that this case was decided by the Board and the panel of this court, the underlying standards with respect to the effect of misleading campaign statements were those expressed in *Hollywood Ceramics* Co., Inc., 140 NLRB 221 (1962). *See also* NLRB v. Santee River Wool Combing Co., 537 F.2d 1208 (4 Cir. 1976). Succinctly stated, *Hollywood Ceramics* held that a misleading campaign statement, made at a time which prevents the other party or parties from making an effective reply and which, from its nature, may reasonably be expected to have a significant impact on the election, may be a proper basis for invalidating an election. However, in *Shopping Kart Market, Inc.,* 228 NLRB No. 190· (April 8, 1977), the Board overruled *Hollywood Ceramics,* holding that the Board will no longer set elections aside on the basis of misleading campaign statements except in certain limited circumstances.

While we do not pass upon the validity or the correctness of the decision in *Shopping Kart,* we nevertheless recognize that if we decide the instant case under the rules in *Shopping Kart,* the views of the majority of the in banc court might well be different from those they hold if the case is decided under the rules in *Hollywood Ceramics.* The election in the instant case was held September 12, 1974. In deciding *Shopping Kart,* the Board did not discuss whether the new rule articulated therein would be given retroactive effect and applied to elections held before that decision. In no subsequent case has the Board said explicitly whether the rule in *Shopping Kart* will be given retroactive effect, although it may be argued that, *sub silentio,* the Board decided this question in *Thomas E. Gates & Sons, Inc.,* 229 NLRB No. 100 (May 17, 1977).

The proper disposition of the instant case is governed by *NLRB v. Food Store Employees Union, Local 347,* 417 U.S. 1, 10 n. 10, 94 S.Ct. 2074, 2080, 40 L.Ed.2d 612 (1974), where it is said:

> Appellate courts ordinarily apply the law in effect at the time of the appellate decision, see *Bradley v. School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). However, a court reviewing an agency decision following an intervening change of policy by the agency should remand to permit the agency to determine in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act.

Accordingly, we decline enforcement of the Board's order, without prejudice to a renewed application for enforcement after the additional proceedings that we direct. We remand the case to the Board for a determination of whether the rule in *Shopping Kart* is applicable to the instant case, and if so, whether the employer should be ordered to bargain.

*ENFORCEMENT DENIED; CASE REMANDED.*