**CEDAR COAL COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 80–1697.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1981.

Decided May 19, 1982.

Forrest H. Roles, Charleston, W. Va. (Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., on brief), for petitioner.

Daniel Pollitt, Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Kenneth B. Hipp, Deputy Asst. Gen. Counsel, Linda B. Weisel, Washington, D. C., on brief), for respondent.

Before WINTER, Chief Judge, WIDENER, Circuit Judge and BRITT,* District Judge.

WIDENER, Circuit Judge:

Cedar Coal Company petitions this court for review of a National Labor Relations Board decision requiring it to offer employment to Roger L. Hammack. The NLRB cross-petitions for enforcement of its order. At issue is whether the NLRB General Counsel established a prima facie violation by Cedar Coal of Sections 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), (3), and whether the administrative law judge and NLRB applied the appropriate standard in examining why Cedar Coal refused to rehire Hammack. We deny enforcement and remand for further proceedings.

Hammack is an active union member whose involvement in the coal industry dates back to 1969. In 1975, he pleaded guilty to, and served 13 months in jail for, bombing a school building during a school textbook controversy. As part of a work-release program, Hammack worked for petitioner for six months in 1976 and then resigned to take a better paying job. In 1977 and 1978, Hammack played an active role in a United Mine Workers strike. His activities during the period, which included attempts to shut down non-union mines, attracted a fair amount of publicity. In July 1978, he applied to return to Cedar Coal, but was not hired. In June 1979, this action was filed with the NLRB.

Cedar Coal argued in the administrative proceedings that the decision not to rehire Hammack was based on the felony bombing conviction and his earlier resignation from the company. The General Counsel's position was that actual reason was Hammack's activities during the 1977–78 strike. The ALJ concluded that Cedar Coal's reasons were merely pretextual, and that the real basis for not hiring was the union activity which the ALJ assumed was protected under the Act. Consequently, the ALJ ordered Cedar Coal to hire Hammack, and the NLRB, with only slight modifications, affirmed the decision. This appeal followed.

We deny enforcement and remand for two reasons. First, it is apparent from the ALJ's opinion that the General Counsel did not actually demonstrate a prima facie violation of the Act. While the General Counsel provided satisfactory proof that Hammack was involved in union activity during the 1977–78 strike, there was no proof that this conduct was protected under § 7 of the Act, 29 U.S.C. § 157.[1] The General Counsel has the initial burden of proving "that the employer engaged in discriminatory conduct which could have adversely

---

* United States District Court for the Eastern District of North Carolina, sitting by designation.

1. The ALJ's discussion of whether Hammack's activities were protected under the Act appears in a footnote where he says, "That activity involved his picketing of certain non-union mines during the strike, but the record does not clearly establish the unprotected nature of such activity." This statement improperly shifts the burden of demonstrating the unprotected nature of activities to the employer when, in fact, the burden is on the General Counsel to establish the protected nature of the activities.

affected employee rights to *some* extent...." *NLRB v. Great Dane Trailers, Inc.*, 388 U.S. 26, 34, 87 S.Ct. 1792, 1797, 18 L.Ed.2d 1027 (1967) (emphasis in original). This is not an idle exercise for it appears that at least some of Hammack's activities, particularly the picketing of non-union coal mines, may well have been unprotected. See *Kerry Coal Co. v. United Mine Workers*, 637 F.2d 957 (3d Cir.), cert. den. 454 U.S. 823, 102 S.Ct. 109, 70 L.Ed.2d 95 (1981); *Kinty v. United Mine Workers*, 544 F.2d 706 (4th Cir. 1976).

The second reason we remand is that, assuming that the General Counsel demonstrates a prima facie case, a question remains as to the proper standard for ascertaining Cedar Coal's actual motivation for not hiring Hammack. The ALJ, citing our opinion in *Neptune Water Meter Co. v. NLRB*, 551 F.2d 568 (4th Cir. 1977),[2] considered the in part causation test which finds a violation of the Act if the protected conduct was at all a motivating factor in the discharge or refusal to hire. One day after its decision in our case, the NLRB decided *Wright Line, Div. of Wright Line, Inc.*, 251 NLRB No. 150, *enforcement granted*, 662 F.2d 899 (1st Cir. 1981), cert. denied, —— U.S. ——, 102 S.Ct. 1612, 71 L.Ed.2d 848 (Mar. 1, 1982), in which it abandoned the in part test in favor of the employer motivation test enunciated by the Supreme Court in *Mount Healthy School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Since deciding *Wright Line*, the NLRB has applied it retroactively to earlier ALJ decisions,[3] although it apparently has not indicated its policy on retroactive application to earlier Board decisions which have been appealed. Remand of this case for reconsideration in light of *Wright Line* is mandated by the Supreme Court which has said:

> Appellate courts ordinarily apply the law in effect at the time of the appellate decision, see *Bradley v. School Board*, 416 U.S. 696, 711 [94 S.Ct. 2006, 2016, 40 L.Ed.2d 476] (1974). However, a court reviewing an agency decision following an intervening change of policy by the agency should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act.

*NLRB v. Food Store Employees Union*, 417 U.S. 1, 10 n.10, 94 S.Ct. 2074, 2080 n.10, 40 L.Ed.2d 612 (1974); see *Blackman-Uhler Chemical Div. v. NLRB*, 561 F.2d 1118 (4th Cir. 1977).[4]

This case is accordingly remanded to the NLRB for further remand to the ALJ for a new trial to ascertain (1) whether the General Counsel has demonstrated a prima facie violation of the Act and, if so, (2) whether, measured under the appropriate standard, the refusal to hire was a violation of the Act. Our mention of those two issues does not prevent the litigation of any other appropriate issue on remand.

ENFORCEMENT DENIED AND REMANDED WITH INSTRUCTIONS.

---

**2.** But see *NLRB v. Appletree Chevrolet, Inc.*, 608 F.2d 988 (4th Cir. 1979).

**3.** E.g., *In re Mark I Tune-up Centers, Inc.*, 256 NLRB No. 138 (1981), *reprinted at* 1980–81 CCH NLRB ¶ 18,209; *In re Gossen Co.*, 254 NLRB No. 41 (1981), *reprinted at* 1980–81 CCH NLRB ¶ 17,840.

**4.** We do not, at this time, adopt the *Wright Line* test as the test of improper discharge or refusal to hire for this circuit. Cf. *NLRB v. Fixtures Manufacturing Corp.*, 669 F.2d 547, 550 (8th Cir. 1982); *NLRB v. Lloyd A. Fry Roofing Co.*, 651 F.2d 442, 446 (6th Cir. 1981); *Peavey Co. v. NLRB*, 648 F.2d 460, 461 (7th Cir. 1981); *NLRB v. Nevis Indus., Inc.*, 647 F.2d 905, 909 (9th Cir. 1981); *NLRB v. Charles Batchelder Co.*, 646 F.2d 33, 29 n. 12 (2d Cir. 1981); *Statler Indus., Inc. v. NLRB*, 644 F.2d 902, 905–06 (1st Cir. 1981).